UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| E., by and through his parents and next friends, Mr. and Mrs. H.<br><br>    Plaintiffs,<br>v.<br><br>WALLINGFORD BOARD OF EDUCATION<br><br>    Defendant. | CASE NO. 3:02 CV 2296 (MRK)<br><br><br><br>OCTOBER 23, 2003 |

## DEFENDANT'S AMENDED LOCAL RULE 56(a)2 STATEMENT

**I.  INTRODUCTION AND GENERAL RESPONSE**

When the Plaintiffs filed their Motion for Summary Judgment, they failed to file a Local Rule 56(a)1 Statement in accordance with the Local Rules of Civil Procedure. The Defendant attempted to comply with L. Civ. R. 56(a)2 by replicating paragraphs from the Plaintiffs' Facts section of their Memorandum in Support of Motion for Summary Judgment, pages 1 – 10, and asserting a response to each. The Plaintiffs have subsequently filed a Local Rule 56(a)1 Statement. The Defendant now submits this amended Local Rule 56(a)2 Statement in accordance with the Local Rules of Civil Procedure.

**II.  SPECIFIC RESPONSES**

    1.    Admit.

    2.    Admit.

    3.    Admit.

    4.    Admit.

    5.    Deny.

6. Admit.

7. Admit.

8. The Defendant denies that the special education teacher failed to develop a behavior plan. The Defendant admits the remaining statements of fact.

9. The Defendant denies that the therapists rarely provide therapy in the regular class. The Defendant admits the remaining statements of fact.

10. The Defendant denies that Ms. Beesley did not see herself as someone who was to raise concerns about Erik's program. The Defendant admits the remaining statements of fact.

11. The Defendant denies that the meetings were informal but admits the remaining statements of fact.

12. The Defendant denies that the report by Ms. Beesley was not shared with the parents but admits the remaining statements of fact.

13. The Defendant denies that placement of Erik in regular classes with supplementary aids and supports and modifications to the curriculum was not considered; that there was also no consideration or discussion as to modifying the general education curriculum so that Erik could fully participate in the regular classroom and no discussion as to whether Erik could be placed in his home school; that the PPT gave no serious consideration to the substantially full-time (at least 80%) placement of Erik in a regular classroom; and that there was no discussion of any supplementary aids and services that would help Erik succeed in regular classes. The Defendant admits the remaining statements of fact.

14. The Defendant denies that no special education services are available at the student's home school but admits the remaining statements of fact.

15. The Defendant denies that there was no basis for the calculation of 15 hours and 45 minutes and that the IEP was reformulated at the September 24, 2002 PPT meeting. The Defendant admits the remaining statements of fact.

16. Admit.

17. Admit.

18. Deny.

19. The Defendant denies that the PPT meeting was held because the Board "panicked," but the Defendant admits the remaining statements of fact.

20. The Defendant denies that the hearing officer concluded that the IEP was not appropriate for the reasons stated by Plaintiffs.

21. Admit.

### III. ISSUES OF MATERIAL FACT AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED.

A. Whether the hearing officer erred in finding that the Defendant did not provide the student with FAPE in the LRE.

B. Whether the Plaintiffs are prevailing parties.

C. Whether the number of hours claimed by the Plaintiffs are excessive.

D. Whether the rate claimed by the Plaintiffs is the prevailing rate in the community.

E. Whether the Plaintiffs were substantially justified in rejecting the written offer of settlement by the Defendant on December 20, 2002.

DEFENDANT
WALLINGFORD BOARD OF EDUCATION

By: _____
Frederick L. Dorsey ct302715
Jennifer M. Rockwell ct24573
Siegel, O'Connor, Zangari,
 O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
Phone: (860) 727-8900
E-mail: fdorsey@siegeloconnor.com
E-mail: jrockwell@siegeloconnor.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Amended Local Rule 56(a)2 Statement has been served upon counsel for the Plaintiffs, E., by and through his parents and next friends, Mr. and Mrs. H., David C. Shaw, Esq., 34 Jerome Ave., Suite 210, Bloomfield, CT 06002 by first class mail, postage prepaid, this 23rd day of October, 2003.

_____
Jennifer M. Rockwell