UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| E., by and through his parents and | : | CIVIL ACTION NO. |
| next friends, Mr. and Mrs. H. | : | |
| PLAINTIFFS, | : | 3:02CV2296 (MRK) |
| V. | : | |
| | : | |
| WALLINGFORD BOARD OF EDUCATION, | : | |
| | : | |
| DEFENDANT. | : | NOVEMBER 21, 2003 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SURREPLY BRIEF**

**I. INTRODUCTION:**

The defendant argues in its Surreply Memorandum dated October 23, 2003 [Doc. # 37] that 1) summary judgment is not appropriate because material issues of fact are in dispute and 2) the attorneys' fees and costs claimed in plaintiffs' Motion for Summary Judgment and Addendum to Motion for Summary Judgment are excessive.  Plaintiffs submit this memorandum to respond to defendants' arguments.

**A.  It is Appropriate to Resolve the Issues in This Lawsuit on a Motion for Summary Judgment.**

Rule 56(c), Fed. R. Civ. P., provides that summary judgment shall be rendered forthwith

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

The Defendant's Amended Local Rule 56(a)2 Statement identifies the material issues of fact in dispute here as:

1.  Whether the hearing officer erred in finding that the defendant did not provide the

student with FAPE in the LRE.

2.  Whether the Plaintiffs are prevailing parties.

3.  Whether the number of hours claimed by the Plaintiffs are excessive.

4.  Whether the rate claimed by the Plaintiffs is the prevailing rate in the community.

5. Whether the Plaintiffs were substantially justified in rejecting the written offer of

settlement by the Defendant on December 20, 2002.

Issues 2-5 do not involve disputed issues of material fact that preclude entry of summary

judgment.  As Judge Underhill concluded in *A.S. v. Norwalk Bd. of Educ.*,

No.3:99CV002(SRU)(Exhibit H to Memorandum in Support of Motion for Summary

Judgment), disputes over such matters are within the expertise of the federal judiciary and

should be resolved on motions for summary judgment.  Summary judgment should therefore

enter even though defendant vigorously contests plaintiffs' prevailing party status, the necessity

for spending so much time on the case, the rate of compensation claimed by counsel and/or the

application of 20 U.S.C. § 1415(i)(3) to the facts of this case.

Motions for summary judgment are the most pragmatic way to resolve disputes under

the IDEA.  *A.S. v. Norwalk Bd. of Educ.*, 183 F.2d 534, 539 (D. Conn.. 2002).  *See also*, *P.G. v.

Brick Township Bd. of Educ.*, 124 F. Supp.2d 251, 258-59 (D. N.J. 2000)(The summary

judgment standard governs actions brought under the IDEA for an award of reasonable

attorney's fees and costs); *Hensley v. Eckerhart*, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct.

1933 (1982) (a "request for attorney's fees should not result in a second major litigation");  *N.S.

v. Stratford*, 97 F.Supp. 2d 224 (D. Conn. 2000)(Application for Attorneys' Fees resolved

through motion for summary judgment); *R.N. v Suffield,* 194 F.R.D. 49 (D. Conn.

2000)(Application for Attorneys Fees resolved through motion for summary judgment); *P.L. v.

Norwalk*, 64 F.Supp. 2d 61 (D. Conn. 1999)(Attorneys fees awarded through summary

judgment); *M.C. v. Voluntown*, 56 F.Supp. 2d 243 (D. Conn. 1999)(Attorneys' fees resolved

through summary judgment motion).  Defendant, in fact, conceded during the telephone status

conference held on November 13, 2003 that disputes over the hourly rate, prevailing party

status, the reasonableness of time spent and the interpretation of 20 U.S.C. § 1415(i)(3) could be

resolved on a motion for summary judgment.

      The only remaining question is whether plaintiffs' Motion for Summary Judgment

should not be granted because defendant claims the hearing officer erred in finding that the

defendant did not provide the student with FAPE in the LRE.  Defendant may not avoid

summary judgment on this issue, however, as defendant has failed to meet its burden of proving

that a material issue of fact is in dispute on this issue as required by Rule 56.  It is well

established that summary judgment shall be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits . . . show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c).[1]  The burden is on the moving party to show that no

---

[1] Defendant argues on page 4 of its brief that plaintiffs have misstated the summary judgment standard. Defendant has apparently confused the standard applicable to motions filed under Rule 56 and the degree of deference a federal court must give the decision of an administrative hearing officer under the IDEA.  As mentioned above, the standard of review under the IDEA is not dispositive here as defendant has failed to offer any proof that the hearing officer's findings or conclusions are erroneous.  Plaintiffs have correctly stated the standard of review applicable to cases under the IDEA on pages 18 and 19 of their Reply Brief [Doc. #34] to the extent that standard is relevant.  The Court, in particular, is referred to the Second

material facts are in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once the moving party meets its burden, the opposing party must come forward with specific evidence that demonstrates that there is a genuine issue of material fact to be resolved at trial. *Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir. 1984); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

The burden of a party opposing summary judgment to come forward with substantial evidence in a case brought pursuant to the IDEA is particularly heavy.  The federal courts have held that in cases under the IDEA "summary judgment appears to be the most pragmatic procedural mechanism in the Federal Rules for resolving IDEA actions."  *A.S. v. Norwalk Bd*. of Educ., 183 F. Supp. 2d 534, 539, *quoting*, *Wall v. Mattituck-Cutchogue Sch. Dist*., 945 F. Supp. 501, 508 (E.D.N.Y. 1996). "The inquiry, however, is not directed to discerning whether there are disputed issues of fact, but rather, whether the administrative record, together with any additional evidence, establishes that there has been compliance with IDEA's processes and that the child's educational needs have been appropriately addressed." *Id*.

Here, the plaintiffs have met their burden under Rule 56 by producing the decision of the administrative hearing officer as well as the affidavit of the parent and the independent consultant to support plaintiffs' contention that the defendant did not offer E. an appropriate

---

Circuit's holding in *Grim v. Rhinebeck Central School Dist*, 39 IDELR 264 (2nd Cir. 2003)(Exhibit A) in which the Court reversed a district judge's determination that a dyslexic child would be better served by a segregated placement than an integrated program as ordered by an administrative hearing officer. According to the Court, the district court impermissibly chose between the views of conflicting experts on a controversial issue of educational policy in direct contradiction of the opinions of the expert hearing officer.

special education and failed to consider placing E. in regular classes in his home school with supplementary aids and supports. The hearing officer's decision is supported by detailed references to the administrative record that carefully document the bases for her findings of fact and conclusions of law.

The defendants have failed, however, to come forward with any admissible evidence to refute the findings and conclusions of the hearing officer or to establish through references to the record that the hearing officer's findings and conclusions are not supported by the administrative record. In short, the defendants have failed to come forward with specific evidence that demonstrates that there is a genuine issue of material fact to be resolved at trial. Summary judgment is therefore appropriate because defendants have failed to demonstrate that there is a genuine issue to be tried.

**B. Plaintiffs Should Be Awarded a Fully Compensatory Fee.**

**1. The Time Spent and Costs Incurred Are Reasonable.**

Defendant contends that the 32.7 hours of time counsel spent on Plaintiffs' Reply Memorandum and the costs incurred in connection with that Memorandum should be disallowed or reduced. Def's br. at 1, 2. Defendant's arguments are: 1) that the .6 hours spent on preparing and submitting a Motion for Enlargement of Time should be disallowed; 2) that the 1.8 hours preparing plaintiffs' Rule 56 Statement should be disallowed; and 3) that counsel spent an excessive amount of time (28.7 hours) preparing a Reply brief.

As it is settled law that attorneys' fees may be awarded for work performed in

connection with an attorneys' fee application, *Gagne v. Maher*, 594 F.2d 336, 343 (2d Cir. 1979),* aff'd, 448 U.S. 122, 65 L. Ed. 2d 653, 100 S. Ct. 2570 (1980), defendant asks the Court to assess the reasonableness of counsel's actions taken on behalf of his client, rather than that the supplemental fee application be denied altogether.  The Supreme Court has made it clear that in making an award, the Court must focus on the <u>results</u> obtained through the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983).  District courts have been instructed to follow the "lodestar" approach, whereby an attorneys' fee award is derived "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *See also Jason D.W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 208 (5th Cir. 1998)* (per curiam) (noting, in an IDEA fee award case, the use of the lodestar approach) and *G. M. v. New Britain Bd. of Educ.*, 173 F.3d 77, 81 (2d Cir. 1999). In cases of this sort, "there is . . . a strong presumption that the lodestar figure represents a reasonable fee." *Quaratino,* 166 F.3d at 425 (internal quotation marks omitted). Included in the award should be not only the time spent on the administrative proceeding, but the time expended on this suit (including this appeal) as well. *See id.* at 428.

These authorities require that defendant's arguments be rejected.[2]  The defendant's first contention – that .6 hours of time spent on a Motion for Enlargement of time should be

---

[2] Defendant totally ignores the standard adopted by the Second Circuit that it must be presumed that the lodestar figure represents a reasonable fee.  Rather, defendant would have the Court search the record and second guess plaintiffs' counsel as to the reasonableness of actions taken on behalf of his client and/or the amount of time he spent on each task.  *See*, Def's Reply Br. at 5.  While the case law recognizes that the Court may reduce a fee claim where actions have been taken that are beyond the bounds of reasonableness, it must presume that the lodestar figure provides a reasonable basis for a fee award absent a showing of such unreasonableness.

disallowed – requires the Court to find that plaintiffs' request for an enlargement of time to file

a brief was so unreasonable as to require the court to disregard the presumptive correctness of

the lodestar figure.  As the Motion for Enlargement of Time was agreed to by defendant's

counsel and approved by the Court no such finding of unreasonableness is appropriate.

Similarly, plaintiffs' request for 1.8 hours to draft a Local Rule 56(a)1 Statement is not so

unreasonable as to require the Court to disregard the presumptive correctness of the lodestar

figure.

      Defendant's third argument – that it was unreasonable for counsel to spend 28.7 hours

on a Reply brief – is inconsistent with the approach mandated by *Quaratino v. Tiffany & Co*.

and *G.M. v. New Britain Bd. of Educ*., 173 F.3d 77, 81 (2d Cir. 1999).[3]  Absent some showing

that the time spent is beyond the bounds of reasonableness, these cases require a finding that the

lodestar figure represents a reasonable fee.

      Defendant's arguments – that counsel spent more time drafting the Reply brief than the

Memorandum in Support of Motion for Summary Judgment (defs' br. at 2) and that plaintiffs'

Reply brief is unreasonable because it is not confined to the specific arguments raised in

---

[3] Defendant contends that it has demonstrated that counsel for the plaintiffs spent a significant amount of time dealing with issues on which they did not prevail at the due process hearing.  Def's Reply Br. at 5.  To the extent defendant is attempting to reargue those matter here, Plaintiffs refer the Court to pages 29 – 38 of Plaintiffs' Reply Memorandum for arguments in opposition.  Defendant also asserts that the Court should not award fees for time spent pursuing plaintiffs' claim for money damages. Plaintiffs are required by the holding in *Polera v. Bd. of Educ.*, 288 F.3d 478, 488 (2nd Cir. 2002) to raise money damages claims in hearings under the IDEA if they wish to present their claim for money damages for violating federal procedural rights as specifically endorsed in *Quackenbush v. Johnson City Sch. Dist*., 716 F.2d 141, 148 (2nd Cir. 1983), *cert. denied*, 46 U.S. 1041.  As previously argued, almost no time was spent on this money damages claim as all such claims were dismissed at the outset of the hearing based on the hearing officer's conclusion she lacked jurisdiction over them.

opposition to the Motion for Summary Judgment (defs' br. at 4) – do not come close to identifying efforts of counsel that are so unreasonable as to rebut the presumption that the lodestar fee is appropriate.  It should be remembered in this regard that plaintiffs were required to respond to many arguments raised by defendant, some of which required considerable time to research and rebut.  They included: 1) the administrative record failed to establish that there has been compliance with IDEA's processes and that the child's educational needs have been appropriately addressed as required by *A. S. v. Norwalk Bd. of Educ.*, 183 F. Supp. 2d at 539;  2) the plaintiffs were not prevailing parties; 3) that plaintiffs' claim for costs and attorneys' fees was excessive; 4) the time claimed relating to the stay-put issue was reasonable under the circumstances; 5) the time spent on arguments related to violations of the parents' procedural rights was unreasonable; 6) the time spent on the implementation of the hearing officer' s order was not compensable; 8) the time spent on this litigation should be disallowed; 9) the time spent on this case after an offer of settlement was made should be disallowed; 10) the hourly rates claimed for counsel were unreasonable; and 11) the expert fees claimed are unreasonable.  Although, in plaintiffs' view, these arguments lacked merit, plaintiffs have no alternative but to respond.  The length of the Reply brief and the time spent on it are not excessive in light of this large number of complicated issues raised by defendant.

Defendant also objects to all of the costs claimed in plaintiffs' Amended Motion for Summary Judgment.  These costs, in the amount of $578.33, include a $12.79 charge for Federal Express, $500.50 in on-line research, and $65.04 in copying costs to copy the transcripts that were submitted with plaintiffs' brief.

The Second Circuit has held that such reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients are properly recoverable. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2nd Cir. 1998), *citing United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989) (*citing Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)), *cert. denied*, 493 U.S. 1071 (1990). *See also*, *Aston v. Secretary of Health and Human Services,* 808 F.2d 9, 12 (2d Cir. 1986) (postage, photocopying, travel, and telephone costs reimbursable under Equal Access to Justice Act, 28 U.S.C. § 2412); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (reproduction and postage expenses may be recovered under § 1988); *see also United States ex rel. Evergreen Pipeline Construction Co. v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (computerized research expenses recoverable as part of attorneys' fees, rather than as costs).

The Federal Express charge of $12.79 for delivering plaintiffs' brief to the Court (Exhibit B), the computerized research expenses (above and beyond the ordinary monthly charge) of $500.50, and costs associated with the copying of the transcripts filed with the Court of $65.04 (Exhibit C) all are expenses incurred in connection with this lawsuit and would be billed to counsel's clients in the ordinary course of business (Declaration of David C. Shaw, Exhibit D) and are therefore properly reimbursable under the case law cited above.

With regard to the on-line research charges, defendant takes the position that plaintiffs' claim for reimbursement of $500.50 in on-line research charges should be disallowed because they do not correspond to any of the research performed by plaintiffs' counsel. Defendant's

argument, however, is based on the incorrect assumption that all of the research for which these bills are submitted occurred on the date of the LEXIS NEXIS bill.  As can be seen from the attachment to the Declaration of David C. Shaw that accompanied the Addendum to Motion for Summary Judgment, August 31, 2003 is the date of the bill from LEXIS NEXIS for the billing period August 1, 2003 to August 31, 2003.  As can be seen from the attached Exhibit E, plaintiffs' counsel incurred the following on-line research charges outside the office's basic monthly LEXIS NEXIS charges:

| | |
|---|---|
| August 3, 2003 | $240.00 |
| August 3, 2003 | $6.00 |
| August 11, 2003 | $4.25 |
| September 24, 2003 | $240.00 |
| September 25, 2003 | $6.00 |
| Total | $496.25 |

An additional LEXIS NEXIS charge of $4.25 was incurred on July 1, 2003 (Exhibit F). As can be seen from the attachments to the Declaration of David C. Shaw that were filed with Plaintiffs' Memorandum in Support of Motion for Summary Judgment and the Addendum to Motion for Summary Judgment, these charges were incurred on days that plaintiffs' counsel was working on the drafting of memoranda for this case.  Accordingly, these LEXIS NEXIS charges were incurred in connection with this lawsuit.  These charges would ordinarily be billed to this office's clients in the ordinary course of business (Exhibit D) and should be reimbursable here.

In an attempt to further its position defendant argues that the time spent should be reduced because plaintiffs made unsubstantiated claims at the hearing.  Defs' Reply Br. p. 7.

Defendant argues that there was no evidence to support plaintiffs' assertion that Wallingford's practice was to group children with similar cognitive abilities together and teach those students core academics in self-contained classrooms.  This assertion is clearly supported by the testimony of plaintiffs' expert.  *See* Tr. 10/2/002, pp. 48, 49 (Whitbread).

Defendant asserts that Attorney Campane's Affidavit should be given great weight in setting the rate of compensation for plaintiffs' counsel.  Def's Reply br. p. 8.  Plaintiffs disagree. Attorney Campane has had no experience in setting rates for parent attorneys or for counsel in civil rights matters.  His experience relates entirely to rates set for representations of school boards.  It is readily apparent that setting a rate of compensation for representing a school board involves far different considerations than to establish a rate for a parent or disabled individual in civil rights litigation.  *Blum v. Stenson*, 465 U.S. 886 (1984) makes clear that fee awards must be based on the rates set in comparable situations for equally complex litigation.  Attorney Campane has not established that he has ever set a rate in comparable circumstances or that he is familiar with the rates billed to clients in cases involving equally complex federal litigation.  His affidavit should therefore be awarded less eight than the affidavit of Attorney John Yavis, Jr. that documents extensive experience in setting billing rates in equally complex matters.

**2. 20 U.S.C. § 1415(i)(3) Should Not Be Applied So As To Limit The Fee Award.**

Defendant contends on pages 6, 8 and 9 of its brief that the arguments on pages 46-50 of Plaintiffs' Reply Memorandum reflect a misunderstanding of the requirements of 20 U.S.C. § 1415(i)(3).  According to defendant, its settlement proposal dated December 20, 2002

(Attachment 17 to Plaintiffs' Reply Memorandum) should be regarded as an offer "made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure…" under 20 U.S.C. 1415(i)(3)(D) and consequently no attorneys' fees or costs should be awarded for work performed after the date of that offer.  20 U.S.C. § 1415(i)(3)(D)(i)(I), however, provides that attorneys' fees and costs may not be awarded unless 1) the offer is made more than 10 days before an administrative hearing is convened or, within the time prescribed by Rule 68 in the event a lawsuit has been filed in federal court; 2) the hearing officer or court finds that the relief finally obtained is not more favorable than the offer of settlement; and 3) the parent was not substantially justified in rejecting the offer.

Defendant's argument that its offer was timely cannot be squared with the text of the federal statute.  The task of statutory construction begins with the language of the statute. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S. Ct. 2297, 85 L. Ed. 2d 692 (1985). Where the meaning is clear, "'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989) (*quoting*, *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917)).

The statutory provisions here are clear and should be given their plain meaning.  Offers of judgment under 20 U.S.C.§ 1415(i)(3)(D)(i)(I) may be served before a lawsuit is filed provided the are served at least ten days before the administrative proceedings begin.  Offers of judgment served after a lawsuit is filed must be filed within the time specified in Rule 68.  Here,

defendant's offer was untimely because it was served after the administrative proceedings were completed but before this lawsuit was filed.  Defendant's interpretation of 20 U.S.C.§ 1415(i)(3)(D)(i)(I) is inconsistent with accepted cannons of statutory construction as under defendant's construction the provisions relating to offers made during administrative proceedings would be emasculated.  Under defendant's interpretation all offers of judgment served prior to the filing of a lawsuit would be timely as all would be served more than ten days before trial as specified in Rule 68. This would render so much of the statute meaningless as states that an offer of judgment is timely if "in the case of an administrative proceeding, [it is served] at any time more than 10 days before the proceeding begins."

Moreover, even if defendant's Offer of Judgment is found to be timely, the attorneys' fees and costs should not be reduced because the relief obtained through this litigation will be greater than was offered by defendants.  Moreover, reduction of the fees is not appropriate because the filing of this lawsuit was "substantially justified" under 20 U.S.C. § 1415(i)(3)(E) in that plaintiffs were required to oppose defendant's counterclaim, and file this lawsuit to preserve their right to obtain reimbursement of costs and attorneys' fees in light of the short forty-five day statute of limitations to file cases under the IDEA (Defendant's counsel was unavailable to negotiate the fee claim due to his vacation schedule immediately prior to the filing of this lawsuit.)  Moreover, defendant was free to continue the negotiations after this lawsuit was filed, but thus far have failed to do so.

**II.  <u>CONCLUSION:</u>**

For the foregoing reasons and those set forth in Plaintiffs' Memorandum in Support of Motion for Summary Judgment and Plaintiffs' Reply Memorandum, a fully compensatory fee should be awarded.

PLAINTIFFS,

By____/s/ David C. Shaw_____
David C. Shaw, Esq.
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to

counsel of record on November 21, 2003.

Frederick L. Dorsey, Esq.
Jennifer Rockwell, Esq.
Siegel, O'Connor, Zangari,
  O'Donnell & Beck P.C.
150 Trumbull St.
Hartford, CT 06103

_____/s/  David C. Shaw_____

David C. Shaw, Esq.

15

EXHIBIT  D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

E., by and through his parents and                  :        CIVIL ACTION NO.
next friends, Mr. and Mrs. H.                       :
                        PLAINTIFFS,                  :        3:02CV2296 (MRK)
                V.                                  :
                                                    :
WALLINGFORD BOARD OF EDUCATION,                     :
                                                    :
                        DEFENDANT.                  :        NOVEMBER 21, 2003

**<u>DECLARATION OF DAVID C. SHAW</u>**

     I, David C. Shaw, an attorney at law admitted to the Bar of the State of Connecticut, to

the Bar of the United States District Court for Connecticut, and to the Bar of the United States

Court of Appeals for the Second Circuit, hereby declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the following statements are true and correct:

     1.  I am the owner of the Law Offices of David C. Shaw, LLC and am responsible for

and familiar with the billing practices of the office.

     2.  Routine office expenses relating to postage, telephone, on-line research and copying

are absorbed by the office as overhead and are not billed to our clients.

     3.  Federal Express charges are not considered routine postage costs and are billed to the

office's clients.  The billing of $12.79 in Federal Express charges as reflected in the Addendum

to Motion for Summary Judgment is consistent with the office's practice.

     4.  Whenever extensive copying is required, our practice is to ask an outside

photocopying company to complete the copying.  The resulting bill is submitted to the client.

The billing of $65.04 in excess copying as reflected in the Addendum to Motion for Summary

Judgment is consistent with our office's practice.

     5.  With regard to on-line research, our office incurs a monthly basic charge of $180 for

all research covered by our basic contract.  When research is required that is not covered by our

basic contract, the additional charges are billed to the client.  The billing of $500.50 in the

Addendum to Motion for Summary Judgment is consistent with our office's practice.




           ___/s/ David C. Shaw, Esq._____
               David C. Shaw, Esq.

17

EXHIBITS A, B, C, E, AND F ARE SUBMITTED WITH THIS PLEADING IN HARD COPY AND NOT SCANNED ONTO DISK.