DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| E., by and through his parents and next friends, Mr. and Mrs. H. | : | CIVIL ACTION NO. |
| PLAINTIFFS, | : | 3:02CV2296 (MRK) |
| V. | : | |
| | : | |
| WALLINGFORD BOARD OF EDUCATION, | : | |
| | : | |
| DEFENDANT. | : | JANUARY 12, 2004 |

## MEMORANDUM IN SUPPORT OF
## SECOND ADDENDUM TO MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**:

    This lawsuit was filed for the sole purpose of recovering costs, expert fees and attorneys' fees incurred by the plaintiffs in connection with an administrative hearing requested pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq*. The plaintiffs have previously filed a Motion for Summary Judgment [Doc. #28], arguing that plaintiffs are entitled to a fully compensatory award of costs and attorneys fees under 20 U.S.C. § 1415 in light of the fact that they achieved excellent results at the due process hearing. The defendants have opposed the Motion for Summary Judgment [Doc. #30]. Subsequent briefs in the nature of Reply briefs have been submitted. [Doc. ##34, 37, 48]. The issues raised by plaintiffs' Motion for Summary Judgment are now joined and await oral resolution by the

Court.

On October 3, 2003 the plaintiffs' filed an Addendum to Motion for Summary Judgment [Doc. #34] asking for a supplemental award of $10, 627.50 for supplemental attorneys' fees incurred during the period September 11, 2003 through October 1, 2003 and $589.33 in supplemental costs incurred during the period July 14, 2003 through September 24, 2003.  That Motion was also opposed by defendants.

The plaintiffs now file this Second Addendum to their Motion for Summary Judgment to request reimbursement for additional costs incurred during the period September 30, 2003 through November 30, 2003, and additional attorneys' fees incurred during the period November 4, 2003 through January 12, 2004.

## II.  ARGUMENT:

In *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979, *aff'd* 448 U.S. 122 (1980) the Second Circuit held that the time spent and costs incurred in pursuing and claim for costs and attorneys' fees was reimbursable under 42 U.S.C. § 1988.  The Court noted, relying on the holding in *Prandini v. National Tea Co.*, 585 G.2d 47, 52-54 (3rd Cir. 1978), that to hold otherwise would undermine the objectives the Congress articulated in enacting fee-shifting provisions:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended

> on the case will be correspondingly decreased. . . . Such a result would not comport with the purpose behind most statutory fee authorizations, viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.

The Court also noted, *quoting Souza v. Southworth*, 564 F.2d 609, 614 (1st Cir. 1977), that to hold otherwise would encourage well-financed opponents of civil rights litigation to oppose and substantially undermine the underlying objectives of fee-shifting:

> (t)o hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals.

*Gagne v. Maher*, 594 F.2d 336, 344.

Here, the plaintiffs have incurred $10,627.50 for supplemental attorneys' fees incurred during the period August 11, 2003 through October 1, 2003 and $578.33 in supplemental costs incurred during the period July 14, 2003 through September 24, 2003, as well as the attorneys' fees and costs requested through this Motion - costs of $1,199.25 incurred during September 30, 2003 through November 30, 2003 and additional attorneys' fees of $5,102.50 incurred during the period November 4, 2003 through January 12, 2004.  All of these costs and attorneys fees were incurred in responding to defendants' continued opposition to plaintiffs' request for reimbursement of costs and attorneys' fees incurred by the parents in a case where the record is clear that the parents achieved excellent results and should be awarded a fully compensatory fee.

The Court should therefore entertain the Addendum and Second Addendum to the Motion for Attorneys' fees to ensure that defendants' continued opposition to plaintiffs' Motion will not undermine the Congressional objectives in enacting 20 U.S.C. § 1415 and substantially dissipate the incentive provided by an attorneys' fee award through recalcitrance and automatic opposition to every request filed by the plaintiffs.

### III. CONCLUSION:

For the foregoing reasons, and for the reasons stated in support of plaintiffs' Motion for Summary Judgment, the Court should award plaintiff a fully compensatory fee in the amount of $83, 818.63.

>PLAINTIFFS,
>
>By_____/s/ David C. Shaw___
>David C. Shaw, Esq.
>34 Jerome Ave., Suite 210
>Bloomfield, CT 06002
>Tel. (860) 242-1238
>Fax. (860) 242-1507

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on January 12, 2004:

Frederick L. Dorsey, Esq.
Jennifer Rockwell, Esq.
Siegel, O'Connor, Zangari,
 O'Donnell & Beck P.C.
150 Trumbull St.
Hartford, CT 06103

　　　　　　　　　　　　　　　　　　　　　　　__/s/ David C. Shaw_____

　　　　　　　　　　　　　　　　　　　　　　　David C. Shaw, Esq.