UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JAN 13   12 36 PM '04
U.S. ~
NEW HAV~ ~

| | |
|---|---|
| E., by and through his parents and next friends, Mr. and Mrs. H. | : CIVIL ACTION NO. |
| PLAINTIFFS, | : 3:02CV2296 (MRK) |
| V. | : |
| WALLINGFORD BOARD OF EDUCATION, | : |
| DEFENDANT. | : JANUARY 12, 2004 |

### DECLARATION OF DAVID C. SHAW IN SUPPORT OF ADDENDUM TO MOTION FOR ~~ATTORNEYS' FEES AND COSTS~~ Summary Judgment

I, David C. Shaw, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct.

1.  I was graduated from the University of Connecticut School of Law in June of 1973.

2.  I was employed by the Legal Aid Society of Hartford County, Inc., in Hartford, Connecticut from February 1, 1974 through August 1, 1984 and have been in private practice ever since. Throughout these twenty-nine years of practice I have concentrated on litigation on behalf of persons with disabilities and their families.

3.  From 1975 to the present I have acted as lead counsel, or played a central role, in several class action lawsuits brought to enforce the constitutional and civil rights of disabled citizens. In addition to this litigation, I am, or have been, lead counsel in:

P.J. v. State of Connecticut, No. 2:91CV00180 (RNC). This case was brought on behalf of 4000 mentally retarded school age children who have been unnecessarily segregated from regular classrooms and nondisabled children. The settlement of this case requires the state to significantly increase the number of children with mental retardation attending regular classes in their home schools, to increase their participation in extracurricular activities and to end the racial and gender bias in the identification and placement of these children. The settlement is in the implementation phase.

Arc/Connecticut v. O'Meara, No. 3:01CV1871 (JBA). This class action lawsuit challenges the misuse of federal Medicaid Waiver funds by DMR and DSS such that over 1600 families are forced to wait as long as ten years for residential services for their adult retarded family members.

B.H. v. Southington Bd. of Educ., 40 IDELR 36 (D.Conn 2003). This case seeks orders requiring the school district to provide necessary public school supports for a severely disabled child.

A.S. v. Norwalk Board of Education, 183 F.Supp. 2d 534 (D.Conn. 2002), obtained a regular classroom placement with appropriate supplementary aids and supports for a child with severe disabilities.

M.C. v. Voluntown, 226 F.3d 60 (2nd Cir. 2000). This case obtained reimbursement for a private school placement for a child with disabilities.

M.H. v. Bristol Bd. of Educ., 169 F. Supp. 2d 21 (D. Conn. 2001). This lawsuit seeks damages for tying a disabled child to a chair without the consent of the parents.

G.M. v. New Britain Board of Educ., 173 F.3d 77 (2d Cir. 1999). This case obtained a community special education program for a child with a disability.

Messier v. Southbury Training School, No. 3:94CV01706 (EBB). This lawsuit seeks decent care and treatment and community placement for the 500 residents of Southbury Training School. The case has been tried and a final decision is pending.

C.A.R.C. v. Thorne, No. H78-653 (AVC). This lawsuit eliminated unconstitutional conditions and obtained community placements for the 1200 residents of the Mansfield Training School.

Bredice v. Guevarra, No. 3:94CV01316 (PCD) This case obtained money damages for the death of a retarded man due to an overdose of seizure medication administered by physicians at Southbury Training School.

Amy Dunion v. Bureau of Rehabilitation Services, No. 3:96CV1923 (AWT). This lawsuit challenges the state policy of never accepting facilitated communication as a means of evaluating a severely disabled individual.

M.K. v. Putnam Board of Education, Civ. No. 3:96CV00482 (RNC). This lawsuit seeks to require the Connecticut Department of Children and Families ("DCF") to provide individualized support services to children with severe behavioral disabilities to prevent institutionalization of those children in DCF psychiatric hospitals and/or residential schools. The lawsuit also seeks to invalidate DCF's policy of requiring parents to surrender custody to obtain support from DCF.

P.J. v. State of Connecticut, 788 F.Supp. 673 (D.Conn. 1992). This case invalidated one school's decision to exclude a retarded child from a regular classroom without regard to whether inclusion was possible if modifications were made available to the regular classroom and additional support was made available to the classroom teacher.

Jacob Pratt v. Regional School District No. 15, Civ. No. 2:91CV00180 (JAC). This case invalidated Regional School District No. 15's policy of excluding a child with autism from regular classes because he could not master the regular curriculum.

Orville Karan, Ph.D. v. Frederick Adams, No. H-90-135 (JAC). This lawsuit invalidated a portion of Connecticut's licensing scheme for practicing psychologists from other states on the ground that the scheme deprived out-of-state psychologists of rights secured by the Fourteenth Amendment.

Derek C. v. Southington Board of Education, Richard P. v. Meriden Board of Education, Christopher D. v. Hartford Board of Education, and Meghan D. v. Granby Board of Education; Patrick J. v. West Haven Board of Education; April S. v. Norwalk Board of Education; Nicholas D. v. West Hartford Board of Education; Christa F. v. New Britain Board of Education; K.J. v. New Britain Board of Education; E.B. v. Canterbury Board of Education; Nicholas G. v. Ellington Board of Education; S.B. v. Litchfield Board of Education; M.E. v. Stamford Board of Education; P.C. v. West Haven Board of Education; N.D. v. West Hartford Board of Education; M.H. v. Southington Board of Education; I.K. v. Stamford Board of Education; M.K. v. Farmington Board of Education; J.R. v. Farmington Board of Education; E.P. v. Meriden Board of Education; T.P. v. Regional School District # 1; D.P. v. Stafford Springs Board of Education; G.R. v. Regional School District No. 15; D.F. v. Enfield Board of Education; N.S. v. Stratford Board of Ed. Decisions by state hearing officers, or settlements, after lengthy litigation, required the named public schools to develop the supports and modifications necessary to educate children with disabilities ranging from profound to mild retardation, in regular classrooms with appropriate support services.

Timothy Olander v. Benhaven, Inc., et al, Civ. No. N-87-423 (TFGD). This lawsuit sought and obtained money damages for the use of restraint and aversive stimuli on a handicapped child without permission of the child's parents.

Mary Astorino v. Brian Lensink, et al, No. H-89-106 (JAC). This lawsuit obtained money damages and community placement for an adult woman who was sexually assaulted on two occasions at the Southbury Training School.

Hillburn v. Maher, 795 F. 2d 252 (2d Cir. 1986), cert. denied, 479 U.S. 1046 (1987). Secured adaptive wheelchairs and related services for some 400 severely handicapped nursing home residents.

Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979), aff'd 448 U.S. 122 (1980). This case establishes that settling plaintiffs are entitled to reimbursement for attorneys' fees and costs under 42 U.S.C. § 1988 and that counsel is entitled to compensation for the time spent litigating the fee claim.

3

Lelsz v. Kavanaugh, 710 F. 2d 1040 (5th Cir. 1983). I represented the Association of Retarded Citizens of Texas in its effort to obtain minimally adequate treatment for over 5000 retarded citizens of Texas. Following a full trial United States District Judge Barefoot Sanders found the State of Texas in contempt of the settlement and court order and ordered remedial measures.

Connecticut Coordinating Committee of the Handicapped v. Cotter, Civ. No. H-80-573 (D. Conn. slip op. February 24, 1973). The settlement of this lawsuit required the Connecticut Judicial Department to make the Hartford Housing Court accessible to wheelchair users.

Young v. Coleman, Civ. No. H-76-21 (D. Conn. *slip op.* 1976), rev'd, 2d Cir. order of August 15, 1979. The settlement of this lawsuit required Connecticut to purchase only wheelchair accessible buses for the Hartford, New Haven, and Stamford urbanized areas.

4.  Through litigation of these cases and the associated claims for costs and attorneys' fees in Connecticut and other states I have become familiar with the rates charged by attorneys who specialize in disabilities rights litigation.

5.  I have reviewed my time records in connection with this case. Attached to this affidavit are my office's computerized records of the time spent working on this case. This constitutes an accurate reflection of the time spent working on this case to date. This computerized time record is prepared on a regular basis in the course of business of this office.

6.  Based upon my experience, regular contact with attorneys pursuing similar cases in other states and billing rates that exist in the community, I believe that the current market rate for attorneys with significant experience in litigating civil rights cases for persons with disabilities is $325 per hour. My most recent award in this district is $275 per hour in A.S. v. Norwalk Bd. of Educ., 3:99CV002 (SRU)(D.Conn. 2002).

7.  I have worked 15.7 additional hours in this case since the Addendum to Motion for Summary Judgment was filed October 1, 2003. Reasonable attorney's fees for my efforts to date

4

since that time at $325 per hour are $5,102.50.

8.   I have incurred $1,199.25 in additional costs in connection with this litigation. A summary of these costs is attached to this Declaration.

_____
David C. Shaw

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

E. V. WALLINGFORD BOARD OF EDUCATION
3:02cv2296 (MRK)

ATTACHMENT TO DECLARATION OF PLAINTIFFS SECOND ADDENDUM TO MOTION FOR SUMMARY JUDGMENT DATED 01/12/04

| DATE | SERVICES RENDERED BY ATTORNEY DAVID C. SHAW | TIME | |
|---|---|---|---|
| 11/04/03 | Motion for enlargement to reply | 00.2 | |
| 11/07/03 | Review reply and surreply briefs of Board of Education | 00.8 | |
| 11/13/03 | Conference call with Judge Kravitz and Atty. Rockwell | 00.6 | |
| 11/19/03 | Draft reply to surreply (section re: whether summary judgment is appropriate) | 02.8 | |
| 11/20/03 | Complete draft surreply | 03.8 | |
| 11/21/03 | Finalize and submit brief re: summary judgment | 02.6 | |
| 12/01/03 | Settlement proposal to Atty. Rockwell | 00.8 | |
| 12/02/03 | Settlement proposal to defendants | 01.2 | |
| 12/12/03 | Motion for enlargement re: expert disclosure | 00.6 | |
| 12/12/03 | Call Clerk re: motion to seal as directed by Judge Kravitz | 00.2 | |
| 01/07/04 | Letter to Attorney Dorsey re: settlement offer | 00.6 | |
| 01/12/04 | Supplemental motion for summary judgment, affidavit with fee claim | 01.5 | |
| | **TOTAL HOURS AT $325 PER HOUR** | **15.7** | **$5,102.50** |

| DATE | COSTS INCURRED | | |
|---|---|---|---|
| 09/30/03 | Lexis Nexis research (9/1/03-9/30/03) | $280.75 | |
| 10/02/03 | Federal Express to court | $44.98 | |
| 10/24/03 | Federal Express to court | $30.90 | |
| 11/21/03 | Federal Express to court | $ 12.79 | |
| 11/30/03 | Lexis Nexis (11/1/03-11/30/03) | $ 251.50 | |
| | **Total Costs** | | **$1,199.25** |
| | **SUPPLEMENTAL FEES AND COSTS 10/2/03 -1/12/04** | | **$6,301.75** |