UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| E., by and through his parents and next friends, Mr. and Mrs. H.<br><br>　　　　Plaintiffs,<br>　v.<br><br>WALLINGFORD BOARD OF EDUCATION<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>: CASE NO. 3:02 CV 2296 (MRK)<br>:<br>:<br>:<br>:<br>:<br>:<br>: FEBRUARY 2, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
SECOND ADDENDUM TO MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Pursuant to L. Civ. R. § 7(a)(1), the Defendant, Wallingford Board of Education, opposes the Plaintiffs' Second Addendum to Motion for Summary Judgment. The Plaintiffs filed a Second Addendum to Motion for Summary Judgment to increase the request for attorneys' fees and costs by $ 6,301.75 for a total of $ 83,818.63. The Defendant opposes the increase of the attorneys' fees and costs.

**II.    ARGUMENT**

The Defendant objects to the 15.7 hours of time spent by Attorney Shaw from November 4, 2003 until January 12, 2004 and the costs associated with the federal litigation ($ 1,199.25). Attorney Shaw made an initial demand to the Defendant, which was rejected, and, without further negotiation, he thought litigation was necessary. Attorney Shaw now seeks reimbursement for the additional costs of litigation that could perhaps have been avoided by early negotiation. Moreover, the hours requested by

Attorney Shaw are excessive and the Court should not include such hours in any fee award, or at the very least, reduce the number of hours.

If the Court awards the Plaintiffs' attorneys' fee for time spent on the federal litigation, the number of hours should be reduced. Counsel for the Plaintiffs spent .8 hours on Motions for Enlargement of time regarding the Reply Memorandum and expert disclosure. (Pls.' Supplemental Fee Claim for the Second Addendum at p. 1). The Defendant should not have to pay the Plaintiffs for the time spent by counsel asking the Court for additional time to file briefs and disclose experts, because counsel could not meet a deadline. Second, the Plaintiffs assert ten (10) hours of time for drafting the Surreply and 2.6 hours working on settlement of the case. (Pls.' Supplemental Fee Claim for the Second Addendum at p. 1). These hours are excessive and should be reduced to reflect a reasonable amount of time, if awarded at all.

As stated in the Defendant's Memorandum of Law in Opposition to the Plaintiffs' Motion for Summary Judgment at pp. 15-18, the hourly rate of $325.00 is unreasonable and should be reduced to reflect the prevailing rate in the community.

The Defendant also objects to the costs claimed by the Plaintiffs ($ 1,199.25). First, the Defendant should not be charged for the method of delivery the Plaintiffs chose (Federal Express) to send a document into court ($ 88.68). Second, the dates charged for Lexis Nexis research do not correspond to any date in Attorney Shaw's Fee Claim or Supplemental Fee Claims. None of the dates for September 2003 or November 2003 state that Attorney Shaw did any research. However, the costs for Lexis Nexis research are listed for "(9/1/03-9/30/03)" and "(11/1/03-11/30/03)." The Supplemental Fee Claim for the Second Addendum does not explain what either of the

research costs were for. The Plaintiffs have an obligation to specifically state fees and costs claimed. The records submitted must be sufficient to permit the court to assess the reasonableness of the claimed costs. *Mr. and Mrs. B. v. Weston Bd. of Educ.*, 34 F. Supp. 2d 777, 781 (D. Conn. 1999). The Lexis Nexis research charges are ambiguous at best and therefore should not be awarded to the Plaintiffs.

The Plaintiffs argue that the Court should consider the Second Addendum to the Motion for Attorneys' fees to "…substantially dissipate the incentive provided by an attorneys' fee award through recalcitrance and automatic opposition to every request filed by the plaintiffs." The Defendant objects to the mischaracterization of its valid opposition to the requested award of attorneys' fees and costs by the Plaintiffs. The Defendant rightfully believes that the fees and costs requested by the Plaintiffs are excessive and are not calculated by the prevailing rate in the community. Moreover, as L. Civ. R. § 7(a)(1) warns, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion." It would not make sense to oppose the original motion for summary judgment, and not oppose the first and second addendums when the same arguments apply.

In conclusion, the Court should not award the additional fees and costs claimed by the Plaintiffs in their Second Addendum to Motion for Summary Judgment. The hours are excessive and the costs are ambiguous. If the Court awards any of the requested fees and costs, it should reduce the amount to reflect reasonable hours and rates and reasonable costs.

## III.   CONCLUSION

For the above reasons and the reasons set forth in the Defendant's Surreply and the Memorandum of Law in Opposition to the Plaintiffs' Motion for Summary Judgment, the Court should deny the Plaintiffs' Motion for Summary Judgment.

        **DEFENDANT**
        **WALLINGFORD BOARD OF EDUCATION**

    By:_____
        Frederick L. Dorsey ct302715
        Jennifer M. Rockwell ct24573
        Siegel, O'Connor, Zangari,
          O'Donnell & Beck, P.C.
        150 Trumbull Street
        Hartford, CT 06103
        Phone: (860) 727-8900
        E-mail: fdorsey@siegeloconnor.com
        E-mail: jrockwell@siegeloconnor.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Defendant's Memorandum of Law in Opposition to Plaintiffs' Second Addendum to Motion for Summary Judgment has been served upon counsel for the Plaintiffs, E., by and through his parents and next friends, Mr. and Mrs. H., David C. Shaw, Esq., 34 Jerome Ave., Suite 210, Bloomfield, CT  06002 by first class mail, postage prepaid, this 2nd day of February, 2004.

        _____
        Jennifer M. Rockwell